IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUFUS TERRY MCDOUGALD, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-802-MHT |
| | ) | |
| PAUL SHIRLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Paul Shirley, municipal court judge for the City of Enterprise; James Counts, Circuit Court Clerk for Coffee County, Alabama; and "City of Enterprise Police of Coffee County." He seeks to challenge his arrest on a charge of second degree theft and the constitutionality of decisions made by Judge Shirley during the criminal proceedings associated with the theft offense. Plaintiff requests damages for excessive bond which is alleged to have deprived him of his freedom for six months. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### **I. DISCUSSION**

**A.  Claims Barred by the Statute of Limitations**

Plaintiff was arrested by City of Enterprise law enforcement officials and charged with second degree theft for stealing merchandise from the local Walmart store. He claims, however,

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

that he did not have more than $500 in stolen merchandise at the time of his arrest, and therefore should have been charged with theft in the third degree—a misdemeanor. Plaintiff alleges that the actions of the law enforcement officials who arrested him on the erroneous second degree theft charge subjected him to excessive bond and detention for six months. Although Plaintiff alleges that the actions about which he complains occurred "no more than two years ago," *see* Doc. 10 at 2 & 3, the court takes judicial notice of the criminal case's consolidated case action summary on the Alabama Trial Court System (hosted at www.alacourt.com), which reflects that Plaintiff was arrested for this charge on September 30, 2013. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). Therefore, Plaintiff's complaint against Defendant City of Enterprise Police of Coffee County seeking to challenge matters associated with his arrest and detention on a charge of second degree theft from the Walmart store in Enterprise, Alabama, is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest and detention about which Plaintiff complains occurred on September 30, 2013. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[2] Thus, the statute of limitations began to run on the

---

[2] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues . . . insane." Ala. Code § 6-2-8(a) (1975). The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under Alabama Code § 6-2-8(a).

2

claims arising from the challenged conduct on September 30, 2013. The limitations period for this event ran uninterrupted until it expired on September 30, 2015. Plaintiff filed the instant complaint on September 28, 2016, almost one year after the expiration of the applicable limitation period.

While the statute of limitations is usually raised as an affirmative defense, in an action proceeding under section 1983 the court may consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. St. of Or.*, 563 F. Supp. 1310, 1330–32 (D.C. Or. 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Plaintiff has no legal basis on which to proceed with his claims against Defendant City of Enterprise Police of Coffee County because he filed this action over two years after the challenged conduct occurred. As noted, the

statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired prior to his filing of this action. In light of the foregoing, the court concludes that the false-arrest claims against Defendant City of Enterprise Police of Coffee County are barred by the statute of limitations. Plaintiff's complaint against this defendant is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.    Judge Shirley**

Plaintiff names as an additional defendant the Honorable Paul Shirley.[3] Upon his arrest, Judge Shirley ordered Plaintiff held on a $1,500 bond. Plaintiff maintains that he stole less than $500 in merchandise and, therefore, the charge against him should have been theft in the third degree—a misdemeanor that carries a maximum bond of $500. Assuming, *arguendo*, that Plaintiff's claims against this individual are not barred by the limitation period, they are due to be dismissed on the merits.

Plaintiff's claims against Judge Shirley emanate from actions taken in his judicial capacity during municipal court proceedings over which he had jurisdiction. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Ct.*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). Thus, a municipal court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

---

[3] According to the state-court records, Judge Paul Sherlin presided over Plaintiff's criminal proceedings in the District Court of Coffee County.

4

The court has reviewed Plaintiff's allegations against Judge Shirley and finds that there is no indication that Judge Shirley acted in clear absence of jurisdiction. Accordingly, Plaintiff's claim for monetary damages against Judge Shirley is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.     Defendant Counts**

Plaintiff names James Counts, the Circuit Court Clerk for Coffee County, Alabama, as a defendant. However, a review of the complaint reveals no specific allegations are made against this individual. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must contain sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face."). Moreover, judicial immunity extends to a court clerk performing duties integrally related to the judicial process. *See Jenkins*, 150 F. App'x. at 990; *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983) (holding that a court clerk who acts pursuant to authority granted by state law and who acts on behalf of a court is entitled to absolutely immune from damages liability when sued under § 1983 because she is performing a judicial function); *In re Sandra Tubbs v. City of Greensboro*, 948 So. 2d 540 (Ala. 2006) (holding that absolute judicial immunity extends to municipal court clerks or magistrates). Accordingly, even if the complaint against Defendant Counts is not time-barred, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Plaintiff's complaint against City of Enterprise Police of Coffee County challenging events which occurred on or before September 30, 2013, be DISMISSED with

5

prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to file this action within the time prescribed by the applicable statute of limitations;

2. Plaintiff's complaint against Defendant Shirley be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii));

3. Plaintiff's complaint against Defendant Counts be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

4. This case be DISMISSED prior to service of process.

It is further ORDERED that **on or before May 15, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 1st day of May, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE